# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01494-SCT
## CONSOLIDATED WITH
## NO. 1999-CA-01629-SCT

*SHERMAN BOYLES, JR.*
*AND FAYE BOYLES*

*v.*

*SCHLUMBERGER*
*TECHNOLOGY CORPORATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/11/1997 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | JOHN D. SMALLWOOD |
| | GLENN LOUIS WHITE |
| | STUART H. SMITH |
| ATTORNEYS FOR APPELLEE: | OTIS R. TIMS |
| | JOHN S. HILL |
| | DONNA M. BARNES |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 12/12/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PITTMAN, C.J., WALLER AND GRAVES, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1.      On October 8, 1993, Sherman and Faye Boyles sued Lynx Operating Company, Inc., the operator

of an oil well on their property, for damages for contamination of their property with salt water and naturally

occurring radioactive materials.  On October 18, 1996, the Boyleses filed an amended complaint which

added Schlumberger Technology Corporation as a defendant.  Schlumberger filed a motion for judgment

on the pleadings, contending that the running of the three-year statute of limitations[1] barred the Boyleses' claims against Schlumberger. In response to the motion, the Boyleses raised the discovery rule, alleging that they did not know that Schlumberger had performed work on the property until 1996. The circuit court granted Schlumberger's motion for judgment on the pleadings. On appeal,[2] the Boyleses argue that the discovery rule was applicable and the statute of limitations did not bar their claims against Schlumberger.[3] We find that the Boyleses' response to Schlumberger's motion for judgment on the pleadings was insufficient and that the circuit court did not err in granting the motion.

## DISCUSSION

### I.   WHETHER THE GRANT OF JUDGMENT ON THE PLEADINGS WAS APPROPRIATE.

A.   SCHLUMBERGER'S MOTION.

¶2.   Schlumberger filed a motion for judgment on the pleadings, claiming that the Boyleses' claims against it were barred by the three-year statute of limitations. The original complaint was filed on October 8, 1993, and the amended complaint adding Schlumberger as a defendant was filed on October 18, 1996.

B.   CONVERSION OF THE MOTION FOR JUDGMENT ON THE PLEADINGS TO A MOTION FOR SUMMARY JUDGMENT.

¶3.   Under M.R.C.P. 12(c), a trial court may convert a motion for judgment on the pleadings to a motion for summary judgment if the court considers matters outside the pleadings in ruling on the motion.

---

[1]Miss. Code Ann. § 15-1-49 (2001).

[2]The Boyleses appeal after the circuit court certified the order of dismissal of Schlumberger pursuant to M.R.C.P. 54(b).

[3]The appeal sub judice is actually the second appeal we have considered in this case. The first appeal was an interlocutory appeal which presented procedural issues which are not relevant to the current appeal. *See Boyles v. Schlumberger Tech. Corp.*, 792 So. 2d 262 (Miss. 2001).

Although the circuit court did not characterize the motion as a motion for summary judgment, it is evident that the circuit court treated the motion as one for summary judgment. As soon as the Boyleses filed their response, the motion became one for summary judgment because they attached to their response exhibits which were not in the pleadings.

¶4.    Resolution of the issue of the discovery rule depended on exactly when the Boyleses were made aware of their claims against Schlumberger. This information was not contained in the pleadings. We will therefore treat the motion for judgment on the pleadings as one for summary judgment.

C.    STANDARD OF REVIEW.

¶5.    We employ a de novo standard of review of a trial court's grant or denial of a summary judgment and examine all the evidentiary matters before it -- admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law, summary judgment should forthwith be entered for the movant. Otherwise, the motion should be denied. Issues of material fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says to the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant should be given the benefit of any doubt. *Heigle v. Heigle*, 771 So. 2d 341, 345 (Miss. 2000) (citing *McCullough v. Cook*, 679 So. 2d 627, 630 (Miss. 1996)).

D.    THE SUBSTANCE OF THE BOYLESES' RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT.

¶6.    The Boyleses claim that the statute of limitations was tolled by the discovery rule.  The discovery rule provides a tolling of the running of a statute of limitations until a plaintiff "should have reasonably known of some negligent conduct, even if the plaintiff does not know with absolute certainty that the conduct was legally negligent." *Sarris v. Smith*, 782 So. 2d 721, 725 (Miss. 2001).  Expressed another way, "The operative time [for the running of the statute of limitations] is when the [plaintiff] can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the [defendant]." *Smith v. Sanders*, 485 So. 2d 1051, 1052 (Miss. 1986) (quoted with approval in *Sarris*, 782 So. 2d at 723).

¶7.    We have specifically applied the discovery rule in a similar case where property was allegedly damaged by radioactive contaminants in oil field waste. *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 167 (Miss. 1999).

¶8.    The Boyleses allege that they did not know that Schlumberger had performed any work at the site until the deposition of Ora C. Collins, Jr., the principal officer of defendant O. C. Collins Associates, Inc., was taken on February 29, 1996.  Therefore, they contend, the discovery rule is applicable to their claims against Schlumberger, and the filing of the amended complaint on October 18, 1996, was timely.

E.    THE FORM OF THE BOYLESES' RESPONSE TO SCHLUMBERGER'S MOTION FOR SUMMARY JUDGMENT.

¶9.    The Boyleses state that their "response pointed out that they had first discovered evidence of Schlumberger's participation in the contamination of their property at the deposition of O. C. Collins, held on February 29, 1996, and cited authority that the limitations period had been tolled until then."  Attached to the response are the following exhibits: (1) a copy of the first "title" page of Ora C. Collins' deposition taken on February 29, 1996; (2) a copy of the complete motion to amend the complaint to add

4

Schlumberger as a defendant; (3) a copy of the order granting the motion to amend; and (4) a copy of the first page of the amended complaint which added Schlumberger as a defendant.

### F. THE SUFFICIENCY OF THE BOYLESES' RESPONSE TO SCHLUMBERGER'S MOTION FOR SUMMARY JUDGMENT.

¶10. Schlumberger contends that the Boyleses' response was insufficient under the current law of this State. Indeed, M.R.C.P. 56(c) provides that summary judgment shall be granted by a court if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c). As we have ruled:

> When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere allegations or denials of his pleadings[;] his response must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him. . . . An issue of fact may be present where there is more than one reasonable interpretation of undisputed testimony, where materially different but reasonable inferences may be drawn from uncontradicted evidentiary facts, or when the purported establishment of the facts has been sufficiently incomplete or inadequate that the trial judge cannot say with reasonable confidence that the full facts of the matter have been disclosed.

*Miller v. Meeks*, 762 So. 2d 302, 304-05 (Miss. 2000) (citing *Dennis v. Searle*, 457 So. 2d 941, 944 (Miss. 1984)).

¶11. The Boyleses' response to Schlumberger's motion was simply insufficient. All the Boyleses did was argue that they did not know of their claims against Schlumberger until the Collins' deposition and attach the first dated page of the deposition. They wholly failed to support their argument with hard evidence such as affidavits that they did not know of their claims against Schlumberger until the deposition. Clearly, the Boyleses "rest[ed] upon the mere allegations or denials of [their] pleadings," and did not "set forth specific

facts" which would create a genuine issue of material fact and which would preclude the entry of judgment on the pleadings. A bare statement that "the discovery rule proof was obvious to all" does not defeat a motion for summary judgment.

## CONCLUSION

¶12.    We affirm the Jones County Circuit Court's entry of summary judgment in favor of Schlumberger.

¶13.    **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., COBB, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**