KITCHENS, Justice,
dissenting:
¶ 25. Because I cannot agree with the majority’s interpretation of Mississippi Code Section 15-1-49(2), that a plaintiff need not know the cause of her injury for the statute of limitations to begin running, I must respectfully dissent.
¶26. Mississippi Code Section 15-1-49(2) provides that a “cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered the injury.” The majority interprets this language to mean that “[n]o provision of Section 15-1-49 provides that a plaintiff must have knowledge of the cause of the injury before the cause of action accrues....” Maj. Op. at ¶ 18. Yet, the corollary is also true: there is no provision of Section 15-1-49 which provides that the discovery rule is applicable only to the injured person’s discovery of the injury itself, and nothing more. This Court has held that “[i]f the statute is ambiguous, we place upon it a construction which favors preservation of the plaintiffs cause of action.” Donald v. Amoco Prod. Co., 735 So.2d 161, 166 (Miss.1999) (quoting Williams v. Kilgore, 618 So.2d 51, 55 (Miss.1992)). Therefore, this Court should adhere to the rule that for cases which fall under Mississippi Code Section 15-1^19, “[t]he operative time for the running of the statute of limitations is when the plaintiff can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the defendant.” Boyles v. Schlumberger Tech. Corp., 832 So.2d 503, 506 (Miss.2002) (quoting Smith v. Sanders, 485 So.2d 1051, 1052 (Miss.1986)).
¶ 27. Indeed, we consistently have held that a cause of action accrues, and the statute of limitations “begins to run when all the elements of a tort, or cause of action, are present.” Weathers v. Metro. Life Ins. Co., 14 So.3d 688, 692 (Miss.2009) (emphasis added) (quoting Caves v. Yarbrough, 991 So.2d 142, 147 (Miss.2008)). The essential elements of a negligence claim are (1) duty, (2) breach of duty, (3) causation, and (4) injury, Holliday v. Pizza Inn, 659 So.2d 860, 864 (Miss.1995). Thus, an injury is not a legally cognizable injury unless it was caused by some other’s tor-tious conduct. Furthermore, “[i]t is well-established that the statute of limitations does not run against one who has neither actual nor constructive notice of facts that would entitle him to bring an action.” Donald, 735 So.2d at 166 (citing Williams, 618 So.2d at 55 (Miss.1992)). Thus, the statute of limitations cannot begin to run until a plaintiff is aware of all four elements of a negligence claim, including causation. Boyles, 832 So.2d at 506.
¶ 28. Even if Angle knew that she was injured no later than 2001, her cause of action would not have accrued until she *10 knew the cause of her injuries, including the identity of who had caused them. However, Angle has never asserted, either at the trial court or on appeal, when she discovered the cause of her injuries. Therefore, I would reverse the grant of summary judgment and remand the case for a determination of when Angle first knew the cause of her injuries.
GRAVES, P.J., JOINS THIS OPINION.