611 So.2d 962 (1992)
Sue L. SCHIRO
v.
The AMERICAN TOBACCO COMPANY, Brown & Williamson Tobacco Corporation, R.J. Reynolds Tobacco Company, Capital Tobacco Specialty Company, Inc., Corr-Williams Tobacco Company, Jackson Tobacco Company, Inc., Lott Tobacco Company and Defendants a Through Z.
No. 89-CA-968.
Supreme Court of Mississippi.
December 31, 1992.
Kerry L. Prisock, Randall Geiss & Prisock, Jackson, for appellant.
James E. Upshaw, Upshaw Williams Biggers Page & Kruger, Greenwood, James D. Holland, Upshaw Williams Biggers Firm, George P. Hewes, III, Christopher A. Shapley, Brunini Grantham Grower & Hewes, Jackson, C.R. Montgomery, Montgomery Smith-Vaniz & McGraw, Canton, Rebecca Barge Cowan, Montgomery Smith-Vaniz & McGraw, Jackson, Edward Blackmon, Blackmon Blackmon & Evans, Canton, William H. Cox, Jr., Watkins & Eager, Jackson, Calvin R. King, Durant, for appellees.
Before DAN M. LEE, P.J., and PITTMAN and BANKS, JJ.
BANKS, Justice, for the Court:
Here we face the question of when the statute of limitations commences with regard to a claim based on negligence arising out of an injury allegedly sustained as a result of cigarette smoking. We hold that the statute commences upon discovery of an injury and that discovery is an issue of fact to be decided by a jury where there is a genuine dispute. We, therefore, reverse the summary judgment rendered in favor of the defendant tobacco companies.

I
On January 22, 1988, Sue Schiro (Schiro) filed a complaint against four cigarette manufacturers: The American Tobacco Company, Liggett & Myers Tobacco Company,[1] Brown & Williamson Tobacco Corp., and R.J. Reynolds Tobacco Company; and four local distributors: Capital Tobacco & Specialty Co., Inc., Corr-Williams Tobacco Company, Jackson Cigar and Tobacco Co., Inc., and Lott Tobacco Co., asserting that cigarettes constitute a danger to persons when they are negligently designed. Schiro *963 alleged in her complaint that she developed cancer after using the defendants' tobacco products, which were unreasonably dangerous and unsafe.
On May 26, 1989, the defendants filed a Motion for Summary Judgment pursuant to Miss.R.Civ.Pro. Rule 56(b) alleging (1) Schiro's claims were time barred (2) the Federal Cigarette Labeling and Advertising Act preempted all of Schiro's post-1965 claims (3) Defendants were entitled to Summary Judgment on Schiro's Warranty, Tort and Strict Liability claims because ordinary cigarettes are not defective and/or unreasonably dangerous under Mississippi law.
On July 25, 1989, the Circuit Court of Hinds County granted the defendants' motion for summary judgment on the grounds that all of Schiro's claims were time barred by the applicable statute of limitations, namely Miss. Code Ann. § 15-1-49 (1972)[2]. Schiro appealed to this Court for review of the following issues:
I. Whether the trial court erred in finding that there was no genuine issue of material fact and that the employer was entitled to judgment as a matter of law.
II. Whether the trial court erred in refusing to apply the "discovery rule" to Schiro's claims for damages arising from a latent injury.

II
Schiro began smoking sometime in 1943, when she was seventeen (17) years old and continued for a period of thirty-four years, ending in 1977. Sometime around 1964, Schiro became familiar with the Surgeon General's warning that smoking caused lung disease. She remembered that shortly after the report, a warning was placed on cigarette packages advising the public that smoking may be harmful to a person's health. By the time the report first appeared in 1964, Schiro had been smoking on a regular basis for 21 years.
Schiro began experiencing health problems that she attributed to smoking. Sometime during the late 1960's or early 1970's she was diagnosed with emphysema by a Dr. Ralph Daniel. Schiro continued to smoke despite being warned to quit by several physicians. In a letter dated May 7, 1974, a Dr. James Gordon advised Dr. Daniel of Schiro's concern that she may have throat cancer. Dr. Gordon dispelled the concern after a thorough examination, but warned Schiro to either limit her smoking or to quit altogether. Schiro estimated that from 1973-75, she had smoked around 43,800 cigarettes. In 1975, Schiro had aortoiliac bypass surgery at Baptist Hospital. She stated she "assumed that smoking damaged her arteries", nevertheless, she continued smoking, despite warnings from Dr. McMullan. Schiro finally stopped smoking on March 18, 1977, and has not smoked since.
Four years after she stopped smoking, Schiro began experiencing other problems. She developed an episode of hemoptysis (coughing up blood) in April, 1981. Schiro stated that she believed she had cancer at this time. She was treated by a Dr. Fulcher, who assured her that she did not have cancer. Again in November 1981, Schiro experienced another bout with hemoptysis. On December 27, 1981, Dr. Azordegan performed a chest x-ray on Schiro which detected a small mass. The mass was confirmed on December 29, 1981, by a tomogram, another type of x-ray, which revealed lung disease in her chest.
On January 24, 1982, Schiro was admitted to the Mississippi Baptist Medical Center, where Dr. Johnson performed an examination on Schiro, and subsequently informed her that the mass was malignant. Schiro was not told how long the mass had been present. On January 26, 1982, Schiro underwent surgery to remove the mass. Since the surgery, there has not been a recurrence of the tumor. On January 22, 1988, Schiro filed suit against the aforementioned defendants.

III
The present issues arise in the context of a grant of a summary judgment motion. *964 Miss.R.Civ.Pro. 56 provides for summary disposition in cases where there is no genuine factual dispute between the parties. Allen v. Mayer, 587 So.2d 255 (Miss. 1991). The trial court's task is familiar and has been outlined repeatedly by this Court in Brown v. Credit Center, Inc., 444 So.2d 358 (Miss. 1983), and its progeny.
Schiro argues that there exists a genuine issue of material fact relating to the defense of the statute of limitations and that such fact is within the province of the jury to decide the time a cause of action accrues, applying the law provided by the judge through his instructions.[3] Schiro maintains that her cause of action against the defendants/appellees accrued on January 24, 1982, after the doctor told her that the mass discovered in late December 1981 was cancerous and malignant. Thus, it is her contention that the circuit court erred in granting the appellees' Motion for Summary Judgment. Moreover, Schiro maintains that the lower court erred in failing to apply the "discovery rule" to her claim for damages.
The defendants/appellees counter that under the applicable statute of limitations, Schiro failed to bring her claim within six years after the alleged injury. It is their contention that the alleged injury occurred on either one of three days, any of which would bar Schiro from bringing suit. The proposed dates are (1) March 18, 1977, when Schiro stopped smoking; (2) April 1981 when Schiro believed her cancer was present due to coughing up blood; or (3) December 29, 1981, when the mass was diagnosed by x-ray and subsequently confirmed by tomogram. Thus, if the Court accepts defendants' arguments, the last day/dates in which Schiro could have brought suit were March 18, 1983, April 1987, or December 29, 1987, as opposed to Schiro's submission that the last date in which she could have brought suit was January 24, 1988, of which she complied by bringing suit two days before the deadline.

A.
Schiro is correct in her assertion that there are circumstances where a plaintiff, being unaware of her injury from a tort which arose at an earlier date, may be allowed to bring a cause of action though, technically, the statute of limitations may have barred the action. Those cases deal with latent injuries. Since the submission of Schiro's brief, this Court has adopted and applied the "discovery rule" in a limited circumstance in a negligence and products liability case involving a latent injury. Owens-Illinois, Inc. v. Edwards, 573 So.2d 704 (Miss. 1990). Owens is dispositive of the instant case. In Owens, Charles Edwards, an employee of Ingalls Shipbuilding Co., brought suit against the defendants, who manufactured and sold the asbestos-containing products to Ingalls after he was exposed to asbestos during his employment. Edwards was first examined for asbestos contamination in 1983; the x-rays revealed no chest abnormalities and no indication of asbestosis. Later, on August 26, 1986, Edwards was diagnosed with pulmonary pleural asbestosis. Id. at 705. Edwards filed suit on September 29, 1986, based on the theories of negligence and strict liability in tort. The defendants countered with numerous affirmative defenses, particularly, that the action was barred by Miss. Code Ann. § 15-1-49 (1972).
Two years after Edwards filed suit, the Mississippi legislature, amended § 15-1-49, effective July 1, 1989. The amended rule shortened the time period in which to bring a suit from six to three years. Id. at 705. Subsequently, on January 12, 1990, Edwards moved for partial summary judgment on the question of whether § 15-1-49 barred his action. He argued that when his complaint was filed, there existed a common law "discovery rule" which ensured that his cause of action did not accrue until August 26, 1986, the date he was first diagnosed with an asbestos-related disease. The Defendants filed a cross-motion for summary judgment, urging the circuit court to find that Edward's cause of *965 action accrued "at the time of the wrongful act or omission, that being when Edwards was last exposed to asbestos products, and was barred as a matter of law." Id. at 706.
In February 1990, the legislature again amended § 15-1-49 which was signed into law March 12, 1990. The amended statute provided:
(1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
(2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.
(3) The provisions of subsection (2) of this section shall apply to all pending and subsequently filed actions.
Id.
The circuit court found that § 15-1-49 (1972), as it existed before amendment, controlled and further found that a cause of action accrues when a plaintiff, through the exercise of reasonable diligence, discovers or should have discovered that an actionable injury was sustained. The issue before appeal in Owens, as in the instant case, is "when does a cause of action accrue?" This Court has answered that "a cause of action accrues when it comes into existence as an enforceable claim; that is, when the right to sue becomes vested." Owens at 706, citing Rankin v. Mark, 238 Miss. 858, 120 So.2d 435 (1960); Aultman v. Kelly, 236 Miss. 1, 109 So.2d 344 (1959); Walley v. Hunt, 212 Miss. 294, 54 So.2d 393 (1951); Forman v. Mississippi Publishers Corp., 195 Miss. 90, 14 So.2d 344 (1943).
We affirmed the circuit court's finding that a discovery rule existed concomitantly with § 15-1-49 (1972) where a negligence or products liability action has been brought involving latent diseases. We further found the discovery rule adopted to be synonymous with that provided in § 15-1-49 (Supp. 1990). Thus, the Court adopted the ruling that "[t]he cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease." Id. at 709. The Court held that the accrual date for a cause of action by Edwards arose on August 26, 1986, the date he was diagnosed with asbestosis. Id.
Applying the foregoing principles set forth in Owens, we hold that in the instant case the cause of action accrued on January 26, 1982, when the doctor diagnosed that the mass was cancerous.
If Schiro had brought suit on March 18, 1977, or within six years of that time after she quit smoking as defendants/appellees submit she should have, Schiro would have been asking for a remedy without a wrong. Her belief that she might have cancer sometime later is also an insufficient trigger. A belief is nothing more than an opinion or a person's view of something unsubstantiated by proof. Medical diagnosis did not confirm the fact of cancer at that time.
The contention that Schiro should have brought suit on December 27, or 29, 1981, or within six years of those dates after discovery of the mass also fails. It could be argued that at this point, Schiro was aware and, in fact, knew that she had sustained an injury. However, as aforementioned, Schiro did not actually know that she had cancer, an injury connected with smoking. Thus, even if she brought suit at this point, the claim would have been premature. There were affidavits from Schiro's doctors and two family members that Schiro did not have knowledge of the cancer until January 26, 1982. Thus, she properly brought suit within the applicable six year statute of limitations.
Though it is not guaranteed that Schiro will be successful in a suit against the appellees, the trial court erred in granting the appellees summary judgment on the basis that her claim was time barred. We reverse and remand for further proceedings See gen. Mitchell v. Am. Tobacco Co., 183 F. Supp. 406, 411 (D.C.Pa. 1960), paraphrasing from Ayers v. Morgan, 397 Pa. 282, 154 A.2d 788, 793 (1959) (whether plaintiff's averment, that the lung cancer *966 did not become apparent until it was discovered at a time well within the two-year period, can be supported by evidence, only the trial itself can determine, but the plaintiff is certainly entitled by law to have the opportunity to present his evidence, and by the same token, defendant would then be entitled to introduce evidence as to any negligence on the part of plaintiff's decedent.)

B.
Appellees contend that Schiro's warranty claims were time barred under § 75-2-725 which required Schiro to file her breach of warranty claims within six years after tender of delivery. Schiro admits that the last day that she quit smoking was March 18, 1977, thus since she did not file her warranty claims by March 18, 1983, appellees are correct that the warranty claims are time barred. Schiro does not explicitly submit this issue for review on appeal and has failed to offer an argument in rebuttal to defendants' contentions. For clarity, then, we note that our disposition here is limited to the application of the statute of limitations to Schiro's negligence and strict liability claims.

CONCLUSION
For the reasons stated above, the judgment is reversed and the case is remanded to the circuit court for further proceedings.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN and PITTMAN, JJ., concur.
McRAE, J., concurs in part and dissents in part.
ROBERTS, J., not participating according to Supreme Court Internal Rules.
NOTES
[1] On May 10, 1989, the Circuit Court of Hinds County granted summary judgment in favor of Liggett on the grounds that Schiro did not smoke its cigarettes. She has not appealed from that judgment.
[2] The section provides that if another applicable period of limitations is not prescribed, a claim can be brought under this section within six years after a cause has accrued.
[3] Schiro cites for example Dubose v. Kansas City Southern Railway Co., 729 F.2d 1026 (5th Cir.1984), where the jury in that case made factual determinations on the accrual of a latent injury.