United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 12, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61134
Summary Calendar

_____

GRIFF ANGELO HALES,

Plaintiff-Appellant,

versus

RESPIRATORY TESTING, Respiratory Testing Services Inc,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
2:04-CV-242

_____

Before JONES, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Griff Hales appeals the district court's dismissal of his action on statute of limitations grounds.  We **AFFIRM**.

**BACKGROUND**

Hales brought this negligence action against Respiratory Testing Services, Inc. ("RTS") for its alleged failure to inform Hales of test results indicating a spot on his lungs.  Hales alleges that he hired an attorney to pursue claims relating to his exposure to asbestos.  That attorney contracted with RTS to provide medical testing, which RTS performed in August 1999.  On December 17, 1999,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hales was tested by another provider and informed that he had "a spot on his lung." By February 2000, the cancer had spread and two-thirds of Hales's right lung was removed. On June 3, 2000, Hales finally received the results of the test administered by RTS; these tests indicated the possibility of cancer. In January 2001, Hales was discovered to have four cancerous brain tumors. In a lawsuit filed December 12, 2003, Hales complains that he suffered damages by virtue of RTS's failure to disclose timely his test results; he would have begun treatment earlier had he known of the cancer.

## DISCUSSION

The district court correctly found that the Mississippi statute of limitations, which governs this diversity case, had expired. Mississippi law provides that Hales had three years in which to file his lawsuit from the time his cause of action accrued. MISS. CODE ANN. § 15-1-49. "[T]he cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Id.

Before the district court, Hales argued that his cause of action did not accrue until he knew the cancer had spread to his brain, in January 2001. He argued that RTS's delay in telling him about the cancer caused the spread of that cancer to his brain, which he first discovered in January 2001. The district court rejected this argument, holding that Hales's cause of action accrued when he discovered he had lung cancer, at the latest in February

2

2000, or, giving him the benefit of the doubt, when he received the RTS test results in June 2000. The district court's analysis is correct: The spread of cancer from one part of the body to another does not give a plaintiff a later accrual date; the accrual date is when the plaintiff discovered he had cancer. See Schiro v. Am. Tobacco Co., 611 So.2d 962, 965 (Miss. 1992) (claim accrued upon diagnosis that mass was cancerous).

These were the only arguments made before the district court.[1] "We will not disturb the district court's judgment based upon an argument presented for the first time on appeal." Pluet v. Frasier, 355 F.3d 381, 384-85 (5th Cir. 2004). Accordingly, the judgment is **AFFIRMED**.

---

[1] On appeal, Hales argues that he only became aware of the cause of his injury when he discovered, in September 2003, that it was RTS who allegedly failed to disclose his test results. RTS avers that all Hales had to do to learn the identity of RTS as the test provider was ask his attorney, and thus, he was not reasonably diligent in pursuing the claim.