# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-02045-SCT

*REBEKAH ANGLE*

*v.*

*KOPPERS, INC. f/k/a KOPPERS INDUSTRIES, INC., AND ILLINOIS CENTRAL RAILROAD COMPANY, BEAZER EAST, INC., AND THREE RIVERS MANAGEMENT, INC.*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/2008 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER, JR. |
| COURT FROM WHICH APPEALED: | GRENADA COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ELIZABETH UNGER CARLYLE |
| | HUNTER W. LUNDY |
| | ANDRE F. DUCOTE |
| | J.P. HUGHES, JR. |
| | CARTER C. HITT |
| ATTORNEYS FOR APPELLEES: | CHRISTOPHER A. SHAPELY |
| | ROBERT L. GIBBS |
| | WILLIAM 'TREY' JONES, III |
| | JOSEPH ANTHONY SCLAFANI |
| | JAY GORE, III |
| | REUBEN V. ANDERSON |
| | GLENN F. BECKHAM |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 05/27/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**LAMAR, JUSTICE, FOR THE COURT:**

¶1.    In this toxic-tort case,[1] Rebekah Angle asserts various state-law claims for injuries she suffered from 1984 to 2001. Finding these claims time-barred, the trial court granted summary judgment in favor of the Defendants. Angle has timely appealed to this Court, asserting two theories in support of her argument that her claims are not time-barred: (1) the three-year statute of limitations under Mississippi Code Section 15-1-49 begins to run upon *discovery* of the *cause* of the action; and alternatively, that (2) the federal discovery rule in 42 U.S. Code Section 9658 preempts Section 15-1-49.

**FACTS**

¶2.    On March 17, 2006, Angle filed a complaint against Koppers Inc., Beazer East, Inc., Three Rivers Management, Inc., and Illinois Central Railroad Company ("Defendants").[2] Angle claims that she was exposed to harmful levels of toxic chemicals, including creosote and pentachlorophenol, that were released into the environment from railroad tank cars and trucks and from a wood-treatment facility. Angle avers that "she lived at locations within close proximity" to the treatment facility, and that she suffered injuries to her person and property through:

> offsite migrations of wood-preservative liquids resulting from the wood treatment processes used by Koppers at the Plant; offsite migrations of vapors and gases of chemicals of concern at elevated temperatures; offsite migrations of soot, products and by-products of combustion resulting from onsite fires and

---

[1] Angle's claims originally were filed May 27, 2005, as part of a mass tort case. Her claims were severed, and she filed this action on March 17, 2006.

[2] Angle named additional defendants, who are not subject to this appeal. The trial court certified the judgment as final under Rule 54(b) of the Mississippi Rules of Civil Procedure.

2

burning operations; and, offsite migrations of aerosol droplets containing dissolved concentrations of the referenced chemicals of concern from a variety of onsite process operations.

Angle also avers that there were "uncontrolled releases" of waste liquids into the surface water and groundwater. Angle seeks damages under theories of negligence, gross negligence, negligence per se, intentional tort,[3] conspiracy, private conspiracy under 42 U.S. Code Section 1985(3), strict liability, trespass, private nuisance, and failure to warn.

¶3.     Pursuant to a court order requiring Angle to provide a more definite statement, Angle submitted additional information concerning her alleged exposure and injuries. She stated the following:

2)  Plaintiff was exposed to harmful chemicals from the Grenada wood treatment facility through the following (with dates):

a)      Residence address                Time period of residence
        2627 Jackson Avenue              1994 - 2005
        85 Mimosa Drive                  2005 - present
b)      From 1972 - 1992 Plaintiff worked at Tie Plant Elementary.
c)      From 1990 - 1991 Plaintiff walked through the Grenada wood treatment facility.
d)      In 1980 treated wood from Koppers was brought into Plaintiff's home.

3) As a result of exposure to harmful chemicals from the Grenada wood treatment facility, Plaintiff has suffered:

Illness                         Date of Diagnosis
Infiltrating ductal carcinoma   2001
of the breast

---

[3]Angle avers that "Defendants knowingly and intentionally failed to investigate fully all known sources of off-site contamination and failed to make any efforts to remediate same, such that injury to Plaintiff's person and property were certain or substantially certain."

3

| | |
|---|---|
| Ovarian cysts | 1999 |
| DNC [sic] | 1990 |
| Hysterectomy | 1994 |
| Ovaries removed | 2000 |
| Lumpectomy | 2001 |
| Skin rashes | 2000 |
| Headaches | 1984 |

¶4.　　Upon receipt of this information, Defendants moved for summary judgment based on the statute of limitations. Defendants argued that all of Angle's illnesses were diagnosed no later than 2001, approximately five years before Angle filed her complaint. Defendants further argued that the statute of limitations for latent injuries accrues when the illness is diagnosed, and as such, Angle's claims were time-barred under Sections 15-1-49 and 15-1-35 of the Mississippi Code. *See* Miss. Code Ann. §§ 15-1-49, 15-1-35 (Rev. 2003). In response, Angle relied upon the district court's decision in *Beck v. Koppers, Inc.*, 2005 WL 2715910 (N.D. Miss. Oct. 21, 2005), *overruled by Barnes ex rel. Barnes v. Koppers, Inc.*, 534 F.3d 357 (5th Cir. 2008), to argue that the statute of limitations for all claims did not begin to run until she knew of her injury and its cause. Angle did not assert when or how she discovered the connection between her injuries and creosote and pentachlorophenol. Defendants filed a rebuttal in which they asserted that cause and causative relationship were not applicable factors under Section 15-1-49, and that Angle had failed to plead a CERCLA[4]

---

[4]Comprehensive Environmental Response, Compensation, and Liability Act of 1980, 42 U.S.C.§§ 9601 to 9675 (2006).

cause of action.[5] Defendants further argued that the application of CERCLA would be an unconstitutional violation of the Commerce Clause and the Tenth Amendment.

¶5. Without oral argument, the trial court issued an opinion in support of its final judgment granting Defendants' motion for summary judgment. The trial court found that Mississippi Code Section 15-1-35 was inapplicable, since Angle's intentional-tort claim was not listed in that code section. *See* Miss. Code Ann. § 15-1-35 (Rev. 2003). The court found that all of Angle's claims were governed by Mississippi Code Section 15-1-49 and were time-barred. *See* Miss. Code Ann. § 15-1-49 (Rev. 2003). The trial court applied this Court's caselaw[6] and the Fifth Circuit's decision in ***Barnes ex rel. Barnes v. Koppers, Inc.***, 534 F.3d 357 (5th Cir. 2008), and found that the statute of limitations began to run on Angle's cause of action "when she had knowledge of her headaches, DNC [sic], hysterectomy, ovarian cysts, removal of ovaries, skin rashes, lumpectomy, and infiltrating ductal carcinoma of the breast, not when she had knowledge of these injuries, illnesses . . . and their cause." The trial court also found that Angle, like the plaintiff in ***Barnes ex rel.***

---

[5]We note that Angle did not assert the statute of limitations under CERCLA in her response to the motion for summary judgment. CERCLA is mentioned for the first time in the appellate record in Defendants' reply to Angle's response to the motion for summary judgment. Defendants argued that "Plaintiff offers a one-paragraph argument lacking authority or discussion seeking to invoke the [CERCLA] commencement date, a statute with no relevance to this case."

[6]The trial court relied upon ***Pollard v. Sherwin-Williams Co.***, 955 So. 2d 764 (Miss. 2007); ***Shiro v. Am. Tobacco Co.***, 611 So. 2d 962 (Miss. 1992); and ***Owens-Illinois, Inc.v. Edwards***, 573 So. 2d 704 (Miss. 1990), all of which we will discuss *infra*.

*Barnes,* had failed to offer sufficient proof that 42 U.S. Code Section 9658 preempts Section 15-1-49.

## DISCUSSION

¶6.     "This Court conducts a de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before it – admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." *McClinton v. Delta Pride Catfish, Inc.*, 792 So. 2d 968, 972 (Miss. 2001).  The moving party "bears the burden of *persuading* the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law." *Palmer v. Biloxi Reg'l Med. Ctr., Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990).  However, the movant bears the burden of *production* if, at trial, he would have the burden of proof on that issue. *Webster v. Miss. Publishers Corp.*, 571 So. 2d 946, 949 (Miss. 1990).  Furthermore,  the nonmoving party cannot survive a motion for summary judgment by relying on a "[m]ere allegation or denial of material fact." *Palmer*, 564 So. 2d at 1356.  In other words, "the plaintiff may not rely solely upon unsworn allegations in the pleadings, or 'arguments and assertions in briefs or legal memoranda.'" *Id.* (quoting *Magee v. Transcontinental Gas Pipe Line Corp.*, 551 So. 2d 182, 186 (Miss. 1989)).  Last, the court views the evidence in the light most favorable to the nonmoving party. *Webster*, 571 So. 2d at 949.

> **I.     WHETHER ANGLE'S CLAIMS ARE TIME-BARRED UNDER MISSISSIPPI LAW.**

¶7.     Angle asserts that the statute of limitations for all her asserted claims began to run when she discovered that her medical problems were the result of exposure to toxic

chemicals. Conversely, Defendants argue, and the trial court agreed, that the statute of limitations began to run when Angle discovered or was diagnosed with her various illnesses.

¶8. This Court must first determine whether Mississippi Code Section 15-1-35 governs the intentional-tort claim. Section 15-1-35 provides that:

> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of action accrued, and not after.

Miss. Code Ann. § 15-1-35 (Rev. 2003). We find that the plain language of the statute does not cover an intentional tort for failing to investigate and remediate contamination of property. Furthermore, this averment of an intentional tort is not "substantially like" the "enumerated eight" torts of Section 15-1-35. *See City of Mound Bayou v. Johnson*, 562 So. 2d 1212, 1218 (Miss. 1990). Therefore, we find that the trial court did not err in finding Section 15-1-35 to be inapplicable.

¶9. The parties do not dispute that Mississippi Code Section 15-1-49(2) applies to all claims in the event that Section 15-1-35 does not govern the intentional tort-claim. Section 15-1-49 provides, in relevant part, that:

> (1) All actions for which no other period of limitation is prescribed shall be commenced *within three (3) years next after the cause of action accrued*, and not after.
>
> (2) In actions for which no other period of limitation is prescribed and which *involve latent injury or disease*, the cause of action *does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury*.

7

Miss. Code Ann. § 15-1-49(1)-(2) (Rev. 2003) (emphasis added).  As noted by this Court, "[n]ot all discovery rules are created equal.  In analyzing what the plaintiff must discover in order to trigger the running of the statute of limitations, we ordinarily are guided by the wording of a statute's discovery provision."  *Caves v. Yarbrough*, 991 So. 2d 142, 154-55 (Miss. 2008) (in "comparing the discovery rules in the medical-malpractice statute and the 'catch-all' statute, we have one which focuses on discovery of the date of the wrongful conduct, *and another which focuses on the date of discovery of the injury or disease*") (emphasis added).  We find that the plain language of the statute supports Defendants' argument that the cause of action accrued upon discovery of the injury, *not discovery of the injury and its cause*.  While not always a model of consistency, our caselaw supports this plain reading of the statute.

¶10.    In *Owens-Illinois, Inc. v. Edwards*, this Court interpreted a prior version of Mississippi Code Section 15-1-49 which did not contain the present discovery rule set forth in subsection two of that statute.  *Owens-Illinois, Inc v. Edwards*, 573 So. 2d 704, 707, 709 (Miss. 1990).  The Court was presented with the issue of determining when a products liability and negligence action accrued,[7] an action in which the plaintiff was diagnosed with pulmonary pleural asbestosis almost ten years subsequent to his last exposure to asbestos.  *Id.* at 705.  In *Edwards*, this Court recognized that "there are certain causes of action where

---

[7]We noted that a "cause of action accrues only when it comes into existence as an enforceable claim; that is, when the right to sue becomes vested . . . . A cause of action must exist and be complete before an action can be commenced, and, when a suit is begun before the cause of action accrues, it will generally be dismissed if proper objection is made." *Edwards*, 573 So. 2d at 706.

8

the wrongful act and the resulting injury do not occur simultaneously, and this should be taken into consideration when interpreting § 15-1-49 for purposes of accrual." *Id.* at 708. The Court concluded that a discovery rule did exist in conjunction with Section 15-1-49 and that "the discovery rule adopted is identical to the rule provided in Miss. Code Ann. § 15-1-49(2) (Supp. 1990)."[8] *Id.* at 709. The Court held that the cause of action accrued and the limitations period began to run "when the plaintiff can reasonably be held to have knowledge of the injury or disease." *Id.* In dictum, the Court further stated that "[t]hough the cause of the injury and the causative relationship between the injury and the injurious act or product may also be ascertainable on this date, these factors are *not* applicable under § 15-1-49(2)[.]" *Id.* (emphasis added).

¶11. This Court applied ***Owens-Illinois, Inc.*** in ***Schiro v. American Tobacco Co.***, a case in which the plaintiff was diagnosed with cancer after many years of smoking. ***Schiro v. Am. Tobacco Co.***, 611 So. 2d 962, 965 (Miss. 1992). The plaintiff began smoking in 1943, quit in 1977, and was diagnosed with cancer in 1982. *Id.* The plaintiff filed suit in 1988. *Id.* Applying ***Owens-Illinois, Inc.***, the Court held that the "cause of action accrued on January 26, 1982, when the doctor diagnosed that the mass was cancerous[,] and as such, the action was not time-barred.[9] *Id.*

---

[8]During the pendency of the action, the Legislature amended Section 15-1-49 to include the present version of the discovery rule. *Id.* at 706; Miss. Code Ann § 15-1-49 (Rev. 2003).

[9]At the time of this decision, the statute of limitations was six years. *Id.* at 963.

9

¶12. However, in ***Schiro***, we confused the issue by proceeding in dictum to analyze the defendants' argument that the plaintiff should have filed suit within six years of 1981, when the plaintiff discovered a "mass." ***Id.*** The Court stated that, in 1981, the plaintiff "did not actually know that she had cancer, *an injury connected with smoking*. Thus, even if she had brought suit at this point, the claim would have been premature." ***Id.*** (emphasis added). We note that the proper inquiry under the statute should have been the plaintiff's discovery of the injury or disease, i.e., a diagnosis of cancer, not the discovery of a causative relationship between smoking and the cancer.

¶13. In ***PPG Architectural Finishes, Inc. v. Lowery***, 909 So. 2d 47 (Miss. 2005), the plaintiff went to work on October 1, 1999, and noticed wet paint throughout the office building. ***PPG Architectural Finishes, Inc.***, 909 So. 2d at 48. The plaintiff became sick and disoriented and passed out from exposure to the paint fumes. ***Id.*** The plaintiff was taken to the hospital, and the doctor found the plaintiff's injuries were due to chemical exposure. ***Id.***

¶14. The plaintiff filed a complaint in 2000 against her employer and a painting contractor. ***Id.*** at 49. In 2003, the plaintiff amended her complaint and added an additional defendant. ***Id.*** This new defendant filed a motion for summary judgment based on the statute of limitations, which the trial court denied. ***Id.*** at 48.

¶15. On appeal, this Court reiterated that Section 15-1-49 contains a discovery rule and "[a]t issue in all cases . . . is *when* the plaintiff discovers [his or her] injury or disease." ***Id.*** at 49. The Court correctly stated that it must consider the plaintiff's actions "in determining whether she 'knew' or 'reasonably should have known' that she had suffered an injury." ***Id.***

10

at 51. Despite the Court's wanderings into an analysis of numerous medical-malpractice cases (which are governed by a different statute of limitations and a different discovery rule), the Court ultimately concluded that the plaintiff had *knowledge of her injury* on October 1, 1999, and therefore, the action asserted in the amended complaint was time-barred. ***Id.*** (emphasis added).

¶16.    In another case involving injuries due to paint exposure, the plaintiff filed suit in 2000 when blood tests in 1993 had confirmed that her son suffered from excessive exposure to lead. ***Pollard v. Sherwin-Williams Co.***, 955 So. 2d 764, 766 (Miss. 2007). This Court granted certiorari and found that the applicable statute of limitations was Mississippi Code Section 15-1-49(1) and that the cause of action had accrued no later than September 1993, when the blood tests had confirmed the lead exposure. ***Id.*** at 769-70. Similarly, in a property action in which the plaintiff alleged that the defendant had contaminated the plaintiff's property with oil waste, this Court found the contamination was "'inherently undiscoverable'" and the cause of action had accrued upon discovery of the injury. ***Donald v. Amoco Prod. Co.***, 735 So. 2d 161, 166-68 (Miss. 1999). This Court noted that the discovery exception of Section 15-1-49 is applicable "*where the plaintiff will be precluded from discovering the harm or injury* because of the secretive or inherently undiscoverable nature of the wrongdoing in question . . . [o]r, the discovery exception may be applied when it is *unrealistic to expect a layman to perceive the injury* at the time of the wrongful act." ***Id.*** at 168 (emphasis added).

¶17. In an analogous case to the instant one, the Fifth Circuit Court of Appeals held that Section 15-1-49(2) focuses on discovery of an injury, not discovery of its cause. ***Barnes ex rel. Barnes v. Koppers, Inc.***, 534 F. 3d 357, 360 (Miss. 2008). Citing ***Edwards*** and ***Shiro***, the Fifth Circuit noted that:

> The latent discovery statute differs markedly from Mississippi's limitations provision governing medical malpractice suits, which commences only when the negligent act "shall or with reasonable diligence might have been first known or discovered . . ." That the medical malpractice provision refers to discovery of the "neglect" as opposed to the "injury" evidence the legislature's ability to craft a discovery rule like that advocated by [the plaintiff], and reinforces the limited scope of the latent discovery provision.

***Id.***

¶18. Section 15-1-49(2) provides a discovery rule that delays the accrual of the cause of action until the plaintiff discovers or with reasonable diligence should have discovered a latent injury or disease. Miss. Code Ann. § 15-1-49(2) (Rev. 2003). As we have said, a "cause of action accrues only when it comes into existence as an enforceable claim; that is, when the right to sue becomes vested[.]" ***Owens-Illinois, Inc*. *v. Edwards***, 573 So. 2d 704, 706 (Miss. 1990). We find that Angle's cause of action accrued at the latest in 2001, the date she was last diagnosed with an injury or disease. No provision of Section 15-1-49 provides that a plaintiff must have knowledge of the cause of the injury before the cause of action accrues, initiating the running of the statute of limitations. Therefore, we find that Angle's claims are time-barred under Mississippi Code Section 15-1-49(2), as she filed her complaint in 2006, approximately five years after her discovery of the last injury.

## II. WHETHER 42 U.S. CODE SECTION 9658 PREEMPTS MISSISSIPPI CODE SECTION 15-1-49(2).

¶19. Alternatively, Angle argues that if this Court finds her claims to be time-barred under Section 15-1-49, 42 U.S. Code Section 9658 preempts the state statute of limitations. Section 9658 provides in relevant part that:

> In the case of any action brought under State law for personal injury, or property damages, which are caused or contributed to by exposure to any hazardous substance, or pollutant or contaminant, released into the environment from a facility, if the applicable limitations period for such action (as specified in the State statute of limitations or under common law) provides a commencement date which is earlier than *the federally required commencement date*, such period shall commence at *the federally required commencement date* in lieu of the date specified in such State statute.

42 U.S.C. § 9658(a)(1) (2006) (emphasis added). The "federally required commencement date" is "the date the plaintiff knew (or reasonably should have known) that the personal injury or property damages . . . were *caused or contributed to by* the hazardous substance or pollutant or contaminant concerned." 42 U.S.C. § 9658(b)(4)(A) (2006) (emphasis added).

¶20. Preemption occurs in three circumstances: "(1) where Congress explicitly preempts state law; (2) where preemption is implied because Congress has occupied the entire field; or (3) where preemption is implied because there is an actual conflict between federal and state law." *Harmon v. Regions Bank*, 961 So. 2d 693, 697 (Miss. 2007). It is clearly established that the party claiming preemption, in this case Angle, bears the burden of demonstrating that federal law preempts state law. *See, e.g., Silkwood v. Kerr-McGee Corp.*, 464 U.S. 238, 255, 104 S. Ct. 615, 78 L. Ed. 2d 443 (1984); *Barnes ex rel. Barnes v. Koppers, Inc.*, 534 F. 3d 357, 362 (5th Cir. 2008).

¶21.   We note that "Congress enacted § 9658 as part of a bundle of amendments to CERCLA known as the Superfund Amendments and Reauthorization Act of 1986 . . . [and that] the proper scope of § 9658 preemption has been the subject of much debate[.]" ***Barnes ex. rel Barnes***, 534 F. 3d at 362.  We agree with the Fifth Circuit that "Congress intended to preempt less favorable state law tolling provisions for certain toxic tort cases[,]" but, as previously noted, Angle bears the burden of persuasion.  ***Id.*** at 363.  Angle must persuade the court that Section 9658 preempts state law by showing, at a minimum, that her claims meet the six elements of that federal statute, namely: (1) property damage and/or personal injury (2) caused or contributed to by (3) a hazardous substance or pollutant or contaminant (4) released (5) into the environment (6) from a facility.  42 U.S.C. § 9658(a)(1) (2006).  Although each of these six statutory elements has a specific statutory definition, we find it unnecessary to our analysis to further expound on these statutory elements.  *See* 42 U.S.C. § 9601 (2006).

¶22.   After reviewing the record, this Court cannot find any argument set forth by Angle that persuades us that the statutory elements of 42 U.S. Code Section 9658 preempt Mississippi Code 15-1-49.  As the appellant before this Court, Angle has the burden to ensure that the record contains sufficient evidence to support an assignment of error on appeal.  ***Queen v. Queen***, 551 So. 2d 197, 199 (Miss. 1989).  As previously noted, CERCLA is mentioned for the first time in the appellate record in Defendants' reply to Angle's response to the motion for summary judgment.  The record is void of any evidence before the trial court that CERCLA preempts state law.  Absent any evidence in the record to the

contrary, we affirm the trial court's judgment that Angle failed to carry her burden of showing that 42 U.S. Code Section 9648 preempts Mississippi Code Section 15-1-49.

## CONCLUSION

¶23. We find that Angle's claims are time-barred by the three-year statute of limitations set forth in Mississippi Code Section 15-1-49(1)-(2). We further find that Angle failed to carry her burden of showing that 42 U.S. Code Section 9648 preempts Mississippi Code Section 15-1-49. We affirm the trial court's grant of summary judgment in favor of the Defendants.

¶24. **AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, CHANDLER AND PIERCE, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, P.J.**

**KITCHENS, JUSTICE, DISSENTING:**

¶25. Because I cannot agree with the majority's interpretation of Mississippi Code Section 15-1-49(2), that a plaintiff need not know the cause of her injury for the statute of limitations to begin running, I must respectfully dissent.

¶26. Mississippi Code Section 15-1-49(2) provides that a "cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered the injury." The majority interprets this language to mean that "[n]o provision of Section 15-1-49 provides that a plaintiff must have knowledge of the cause of the injury before the cause of action accrues . . . ." Maj. Op. at ¶ 18. Yet, the corollary is also true: there is no provision of Section 15-1-49 which provides that the discovery rule is applicable only to the injured

15

person's discovery of the injury itself, and nothing more. This Court has held that "[i]f the statute is ambiguous, we place upon it a construction which favors preservation of the plaintiff's cause of action." *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 166 (Miss. 1999) (quoting *Williams v. Kilgore*, 618 So. 2d 51, 55 (Miss. 1992)). Therefore, this Court should adhere to the rule that for cases which fall under Mississippi Code Section 15-1-49, "[t]he operative time for the running of the statute of limitations is when the plaintiff can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the defendant." *Boyles v. Schlumberger Tech. Corp.*, 832 So. 2d 503, 506 (Miss. 2002) (quoting *Smith v. Sanders*, 485 So. 2d 1051, 1052 (Miss. 1986)).

¶27.    Indeed, we consistently have held that a cause of action accrues, and the statute of limitations "begins to run when *all* the elements of a tort, or cause of action, are present." *Weathers v. Metro. Life Ins. Co.*, 14 So. 3d 688, 692 (Miss. 2009) (emphasis added) (quoting *Caves v. Yarbrough*, 991 So. 2d 142, 147 (Miss. 2008)). The essential elements of a negligence claim are (1) duty, (2) breach of duty, (3) causation, and (4) injury, *Holliday v. Pizza Inn*, 659 So. 2d 860, 864 (Miss. 1995). Thus, an injury is not a legally cognizable injury unless it was caused by some other's tortious conduct. Furthermore, "[i]t is well-established that the statute of limitations does not run against one who has neither actual nor constructive notice of facts that would entitle him to bring an action." *Donald*, 735 So. 2d at 166  (citing *Williams*, 618 So. 2d at 55 (Miss. 1992)). Thus, the statute of limitations

cannot begin to run until a plaintiff is aware of all four elements of a negligence claim, including causation. **Boyles**, 832 So. 2d at 506.

¶28.   Even if Angle knew that she was injured no later than 2001, her cause of action would not have accrued until she knew the *cause* of her injuries, including the identity of who had caused them.  However, Angle has never asserted, either at the trial court or on appeal, when she discovered the cause of her injuries.  Therefore, I would reverse the grant of summary judgment and remand the case for a determination of when Angle first knew the cause of her injuries.

   **GRAVES, P.J., JOINS THIS OPINION.**