KITCHENS, Justice,
dissenting:
¶ 33. For the reasons stated in my dissenting opinion in Angle v. Koppers, 42 So.3d 1, 9-10 (Miss.2010) (Kitchens, J., dissenting), I respectfully disagree with the majority’s holding that the statute of limitations begins to run upon the discovery of the injury rather than upon one’s discovery that he or she has a cause of action. However, even if I were to accept that the statute of limitations begins to run on the date of the injury, I still would disagree with today’s holding. The jury unanimously found that McLemore could not have discovered his injury until October of 2005. Because the majority substitutes its judgment for that of the jury, and because I find no reversible error, I would affirm the judgment, and I respectfully dissent.
¶ 34. This Court repeatedly has held that “the statute of limitations commences upon discovery of an injury, and discovery is an issue of fact to be decided by a jury when there is a genuine dispute.” Donald v. Amoco Prod. Co., 735 So.2d 161, 167 (Miss.1999). See also, e.g., Weathers v. Metro. Life Ins. Co., 14 So.3d 688, 692 (Miss.2009) (quoting same); Fletcher v. Lyles, 999 So.2d 1271, 1277 (Miss.2009) (quoting same). Only if “reasonable minds could not differ as to the conclusion” may the question be decided by the courts. Stringer v. Trapp, 30 So.3d 339, 342 (Miss.2010) (quoting Smith v. Sanders, 485 So.2d 1051, 1052 (Miss.1986)). In the present case, the jury was asked “[o]n what date do you find by a preponderance of the evidence that the plaintiff discovered, or by reasonable diligence should have discovered, his claimed neurological injury, manganism?” The jury unanimously responded “10/05,” that is, October of 2005. Thus, based on the jury’s finding of fact, the plaintiff had filed his action roughly one month after discovering his injury, well within the three-year statute of limitations.
¶ 35. Today’s opinion further limits this Court’s precedent by holding that one need not know the nature of his or her injury, only that there is some type of injury. This holding is contrary to prior cases in which we have held that discovery of an injury cannot begin until one has been diagnosed. See Owens-Illinois, Inc. v. Edwards, 573 So.2d 704, 709 (Miss.1990) (statute of limitations began to run on date of medical diagnosis); Schiro v. Am. Tobacco Co., 611 So.2d 962, 963-64 (Miss.1992) (statute of limitations began to run when plaintiff discovered cancer, even though she had a lengthy history of other, related health problems). Indeed, even in Angle, 42 So.3d at 7, despite the plaintiffs fifteen-year history of related health problems and other diagnoses, this Court held that the plaintiffs “cause of action accrued at the latest in 2001, the date she was last diagnosed with an injury or disease.” (Emphasis added.)
1136. In the present case, the jury was properly instructed on the discovery issue and found that McLemore could not have discovered his injury until October 2005. Because this question of fact was decided by the jury and that determination was not contrary to the weight of the evidence, we should not set aside the jury’s decision, a decision which is afforded “great deference.” Johnson v. St. Dominics-Jackson Mem’l Hosp., 967 So.2d 20, 23 (Miss.2007). As I find no reversible error, I would affirm the judgment.
GRAVES, P.J., JOINS THIS OPINION.