# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 5, 2012

No. 11-60691

Lyle W. Cayce
Clerk

WILLIAM D. BRYANT, JR., Successor in Interest to Mary Anne Bryant,

Plaintiff-Appellant,

versus

WYETH, INCORPORATED,
Formerly Known as American Home Products Corporation;
WYETH PHARMACEUTICALS,
Formerly Known as Wyeth-Ayerst Pharmaceuticals, Incorporated,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:03-CV-250

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60691

The successor in interest to a deceased plaintiff appeals a summary judgment in this common-law action under Mississippi law in which plaintiff asserts products liability and fraud. The plaintiff mainly contends that the cancer that resulted in death was caused by a drug manufactured by the defendant. The district court dismissed per Mississippi's three-year statute of limitations, *see* MISS. CODE ANN. § 15-1-49, on the ground that the deceased did not sue within three years of knowing of her cancer. Plaintiff claims that the defendant waived the limitations defense and that, in any event, limitations begins to run only from when the plaintiff knew or should have known of the alleged cause of the injury.

We have reviewed the briefs, applicable portions of the record, and the pertinent caselaw and have heard the arguments of counsel. We agree with the district court that there was no waiver, *see, e.g.*, *Arismendez v. Nightingale Home Health Care, Inc.*, 493 F.3d 602, 610 (5th Cir. 2007), and that the limitations issue is controlled by *Barnes ex rel. Barnes v. Koppers, Inc.*, 534 F.3d 357, 361 (5th Cir. 2008), which holds that in Mississippi, a cause of action accrues "when the plaintiff has knowledge of the injury, not knowledge of the injury and its cause," *accord Angle v. Koppers, Inc.*, 42 So. 3d 1, 7 (Miss. 2010). There is no exception under Mississippi law for pharmaceutical products.

The summary judgment is AFFIRMED.