KITCHENS, JUSTICE,
DISSENTING:
¶ 55. Because a genuine issue of material fact exists regarding the point at which John and Patsy O’Callaghan knew or should have known that the City of Tupe-lo’s drainage ditch had damaged their property, I would affirm the County Court of Lee County’s denial of summary judgment. Accordingly, I respectfully dissent.
¶ 56. A “cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.” Miss. Code Ann. § 15-1-49(2) (Rev. 2012). In Angle v. Koppers, this Court interpreted Section 15-1-49(2) to mean that a cause of action accrues for statute of limitations purposes at the time the plaintiff discovers the injury alone, “not ... the injury and its cause.” Angle v. Koppers, 42 So.3d 1, 5 (Miss. 2010) (emphasis in original). I dissented: “ ‘[t]he operative time for the running of the statute of limitations is when the plaintiff can reasonably be held to have knowledge of the injury itself, the cause of the injury, and the causative relationship between the injury and the conduct of the defendant.’ ” Angle, 42 So.3d at 9 (Kitchens, J., dissenting) (quoting Boyles v. Schlumberger Tech. Corp., 832 So.2d 503, 506 (Miss. 2002) (quoting Smith v. Sanders, 485 So.2d 1051, 1052 (Miss. 1986))). I wrote that Angle’s “cause of action would not have accrued until she knew the cause of her injuries, including the identity of who had caused them,” and therefore summary judgment had been inappropriate. Angle, 42 So.3d at 9-10 (Kitchens, J., dissenting).
¶ 57. This case demonstrates the unworkability and the inherent unfairness of the standard articulated in Angle v. Kop-pers. The majority states that “Here reasonable minds hardly can dispute that O’Callaghan was on notice of the injury as early as 2008 ....” Maj. Op. ¶39. But the O’Callaghans initially filed suit against the City of Tupelo in 2008[17] and voluntarily dismissed that lawsuit because their expert witness, an engineer, informed them that the damage had not been caused by Tupe-lo’s drainage ditch. Despite the advice of the engineer, under the Angle standard, the O’Callaghans were on notice of the existence of property damage and the statute of limitations clock was ticking, notwithstanding the O’Callaghans’ complete lack of knowledge of whom, if anyone, they might sue.
*575 ¶ 58. Absent expert testimony substantiating their claims that the cause of the damage to them home had been the drainage ditch, the O’Callaghans could not have articulated a cognizable takings claim: “ ‘a cause of action accrues, and the statute of limitations begins to run when all the elements of a ... cause of action ... are present.’ ” Angle, 42 So.3d at 9 (Kitchens, J., dissenting) (emphasis in original) (quoting Weathers v. Metro. Life Ins. Co., 14 So.3d 688, 692 (Miss. 2009) (quoting Caves v. Yarbrough, 991 So.2d 142, 147 (Miss. 2008))).
¶ 59. The Mississippi Constitution of 1890 provides that “[p]rivate property shall not be taken or damaged for public use, except on due compensation being first made to the owner or owners thereof .... ” Miss. Const, art. 3, § 17. This Court held in 1894, four years after the adoption of the then-new Constitution, that the addition of “or damaged” to Article 3, Section 17, of the Constitution meant that “[t]he citizen must now be held, under this new provision of our fundamental law, to be entitled to due compensation for, not the taking only of his property, but for all damages to his property that may result from works for public use.” City of Vicksburg v. Herman, 72 Miss. 211, 215, 16 So. 434, 435 (1894). So for the O’Callaghans to have pled a cognizable claim, they would have had to allege not only that their property had been damaged (the injury), but also that the City of Tupelo had damaged it (the cause). Moreover, if they had made such allegations against Tupelo in the absence of proof, they would have subjected themselves to sanctions under Mississippi Rule of Civil Procedure 11 and/or the Litigation Accountability Act, Mississippi Code Section 11-55-1 to 11-55-15 (Rev. 2012). Angle did not contemplate the scenario presented here.
¶ 60. Fact questions remain with regard to whether the discovery rule operated to toll the statute of limitations, and we consistently have held that such fact questions should be resolved by the finder of fact: “the question of whether the suit is barred by the statute of limitations is a question of fact for the jury; however, as with other putative fact questions, the question may be taken away from the jury if reasonable minds could not differ as to the conclusion.” Smith, 485 So.2d at 1053. See also Ridgway Lane & Assocs., Inc. v. Watson, 189 So.3d 626 (Miss. 2016); Lyas v. Forrest Gen. Hosp., 177 So.3d 412 (Miss. 2015); Holaday v. Moore, 169 So.3d 847 (Miss. 2015); Crawford v. Custom Sign Co., 138 So.3d 894 (Miss. 2014); Honeycutt v. Coleman, 120 So.3d 358 (Miss. 2013).
¶ 61. In the present case, because reasonable minds could differ regarding the point at which the O’Callaghans knew or should have known that the City of Tupe-lo’s drainage ditch caused their property damage, denial of summary judgment was proper.
KING, J., JOINS THIS OPINION.

. The decision of this Court in Angle, upon which the majority relies, handed down on May 27, 2010, and rehearing was denied on August 19, 2010.