# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-IA-00962-SCT

*F & S SAND, INC., F & S ABRASIVE COMPANY, INC., DEPENDABLE ABRASIVES, INC. (DISSOLVED), MISSISSIPPI VALLEY SILICA COMPANY, INC., EMPIRE ABRASIVE EQUIPMENT CORPORATION AND DRAVO BASIC MATERIALS COMPANY, INC. AND AMERICAN OPTICAL CORPORATION*

*v.*

*TED STRINGFELLOW*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/19/2017 |
| TRIAL JUDGE: | HON. LAMAR PICKARD |
| TRIAL COURT ATTORNEYS: | PATRICK MALOUF |
| | JOHN TIMOTHY GIVENS |
| | JENNIFER JONES SKIPPER |
| | COLLEEN SUZANNE CERKAN WELCH |
| | GLEN AUSTIN STEWART |
| | W. MARK EDWARDS |
| | JOSEPH GEORGE BALADI |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |

ATTORNEYS FOR APPELLANTS: RANDI PERESICH MUELLER
JOSEPH GEORGE BALADI
JENNIFER JONES SKIPPER
SILAS W. McCHAREN
JOHN D. COSMICH
LAKEYSHA GREER ISAAC
MARK JOHNSON GOLDBERG
RONALD G. PERESICH
W. MARK EDWARDS
JOHANNA MALBROUGH McMULLAN
JENNIFER MORAN YOUNG
J. COLLINS WOHNER, JR.
WALTER T. JOHNSON
COREY DONALD HINSHAW
M. CHRISTINE CROCKETT WHITE
SANDRA DENISE BUCHANAN
THOMAS RAY JULIAN
MICHAEL D. SIMMONS

ATTORNEYS FOR APPELLEE: DAVID NEIL McCARTY
JOHN TIMOTHY GIVENS
TIMOTHY W. PORTER
PATRICK MALOUF
ROBERT ALLEN SMITH, JR.

NATURE OF THE CASE: CIVIL - PERSONAL INJURY
DISPOSITION: REVERSED AND RENDERED - 02/28/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:


CONSOLIDATED WITH


NO. 2017-IA-00963-SCT


*DRAVO BASIC MATERIALS COMPANY, INC.,*
*EMPIRE ABRASIVE EQUIPMENT*
*CORPORATION, F&S ABRASIVE COMPANY,*
*INC., F&S SAND, INC. DEPENDABLE AND*
*DEPENDABLE ABRASIVES, INC. (DISSOLVED),*
*MISSISSIPPI VALLEY SILICA COMPANY, INC.*


*v.*

*TED STRINGFELLOW*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/19/2017 |
| TRIAL JUDGE: | LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | SILAS W. McCHAREN |
| | RONALD G. PERESICH |
| | J. COLLINS WOHNER |
| | JOHN D. COSMICH |
| | WALTER T. JOHNSON |
| | W. MARK EDWARDS |
| | MICHAEL D. SIMMONS |
| | JOHANNA MALBROUGH McMULLAN |
| | M. CHRISTINE CROCKETT WHITE |
| | RANDI PERESICH MUELLER |
| | LAKEYSHA GREER ISAAC |
| | JOSEPH GEORGE BALADI |
| | JENNIFER JONES SKIPPER |
| | SANDRA DENISE BUCHANAN |
| | COREY DONALD HINSHAW |
| | MARK JOHNSON GOLDBERG |
| | THOMAS RAY JULIAN |
| | JENNIFER MORAN YOUNG |
| ATTORNEYS FOR APPELLEE: | DAVID NEIL McCARTY |
| | JOHN TIMOTHY GIVENS |
| | TIMOTHY W. PORTER |
| | PATRICK MALOUF |
| | ROBERT ALLEN SMITH |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 02/28/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2017-IA-01049-SCT

*F&S SAND, INC., F&S ABRASIVE COMPANY,*
*INC., DEPENDABLE ABRASIVES, INC.*
*(DISSOLVED), MISSISSIPPI VALLEY SILICA*
*COMPANY, INC., EMPIRE ABRASIVE*
*EQUIPMENT CORPORATION AND DRAVO*
*BASIC MATERIALS COMPANY, INC.*

*v.*

*TED STRINGFELLOW*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/10/2017 |
| TRIAL JUDGE: | LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | SILAS W. McCHAREN |
| | RONALD G. PERESICH |
| | J. COLLINS WOHNER |
| | JOHN D. COSMICH |
| | WALTER T. JOHNSON |
| | W. MARK EDWARDS |
| | MICHAEL D. SIMMONS |
| | JOHANNA MALBROUGH McMULLAN |
| | M. CHRISTINE CROCKETT WHITE |
| | RANDI PERESICH MUELLER |
| | LAKEYSHA GREER ISAAC |
| | JOSEPH GEORGE BALADI |
| | JENNIFER JONES SKIPPER |
| | SANDRA DENISE BUCHANAN |
| | COREY DONALD HINSHAW |
| | MARK JOHNSON GOLDBERG |
| | THOMAS RAY JULIAN |
| | JENNIFER MORAN YOUNG |
| ATTORNEYS FOR APPELLEE: | DAVID NEIL McCARTY |
| | JOHN TIMOTHY GIVENS |
| | TIMOTHY W. PORTER |
| | PATRICK MALOUF |
| | ROBERT ALLEN SMITH |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 02/28/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

4

# CONSOLIDATED WITH

# NO. 2017-IA-01059-SCT

*EMPIRE ABRASIVE EQUIPMENT
CORPORATION, DRAVO BASIC MATERIALS
COMPANY, INC., MISSISSIPPI VALLEY SILICA
COMPANY, INC., DEPENDABLE ABRASIVES,
INC. (DISSOLVED), F&S SAND ABRASIVE
COMPANY, INC., F&S SAND, INC.*

*v.*

**TED STRINGFELLOW**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/10/2017 |
| TRIAL JUDGE: | LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | SILAS W. McCHAREN |
| | RONALD G. PERESICH |
| | J. COLLINS WOHNER |
| | JOHN D. COSMICH |
| | WALTER T. JOHNSON |
| | W. MARK EDWARDS |
| | MICHAEL D. SIMMONS |
| | JOHANNA MALBROUGH McMULLAN |
| | M. CHRISTINE CROCKETT WHITE |
| | RANDI PERESICH MUELLER |
| | LAKEYSHA GREER ISAAC |
| | JOSEPH GEORGE BALADI |
| | JENNIFER JONES SKIPPER |
| | SANDRA DENISE BUCHANAN |
| | COREY DONALD HINSHAW |
| | MARK JOHNSON GOLDBERG |
| | THOMAS RAY JULIAN |
| | JENNIFER MORAN YOUNG |
| ATTORNEYS FOR APPELLEE: | DAVID NEIL McCARTY |
| | JOHN TIMOTHY GIVENS |
| | TIMOTHY W. PORTER |
| | PATRICK MALOUF |
| | ROBERT ALLEN SMITH |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 02/28/2019 |

MOTION FOR REHEARING FILED:
MANDATE ISSUED:


CONSOLIDATED WITH

NO. 2017-IA-01061-SCT


*AMERICAN OPTICAL COMPANY, MISSISSIPPI*
*VALLEY SILICA COMPANY, INC., MINE*
*SAFETY APPLIANCE COMPANY, LLC,*
*DEPENDABLE ABRASIVES, INC. (DISSOLVED),*
*EMPIRE ABRASIVE EQUIPMENT*
*CORPORATION, DRAVO BASIC MATERIALS*
*COMPANY, INC., F & S SAND, INC. AND F & S*
*ABRASIVE COMPANY, INC.*

*v.*

*TED STRINGFELLOW*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/10/2017 |
| TRIAL JUDGE: | LAMAR PICKARD |
| COURT FROM WHICH APPEALED: | JEFFERSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | SILAS W. McCHAREN |
| | RONALD G. PERESICH |
| | J. COLLINS WOHNER |
| | JOHN D. COSMICH |
| | WALTER T. JOHNSON |
| | W. MARK EDWARDS |
| | MICHAEL D. SIMMONS |
| | JOHANNA MALBROUGH McMULLAN |
| | M. CHRISTINE CROCKETT WHITE |
| | RANDI PERESICH MUELLER |
| | LAKEYSHA GREER ISAAC |
| | JOSEPH GEORGE BALADI |
| | JENNIFER JONES SKIPPER |
| | SANDRA DENISE BUCHANAN |
| | COREY DONALD HINSHAW |
| | MARK JOHNSON GOLDBERG |
| | THOMAS RAY JULIAN |
| | JENNIFER MORAN YOUNG |

ATTORNEYS FOR APPELLEE:        DAVID NEIL McCARTY
JOHN TIMOTHY GIVENS
TIMOTHY W. PORTER
PATRICK MALOUF
ROBERT ALLEN SMITH

NATURE OF THE CASE:        CIVIL - PERSONAL INJURY
DISPOSITION:        REVERSED AND RENDERED - 02/28/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE RANDOLPH, C.J., MAXWELL AND BEAM, JJ.**

**BEAM, JUSTICE, FOR THE COURT:**

¶1. This interlocutory appeal comes before the Court following the Jefferson County Circuit Court's denial of Defendants' motions for transfer of venue and summary judgment in a silica case. On appeal, F&S Sand, Inc.; F&S Sand Abrasive Company, Inc.; Dependable Abrasives, Inc. (Dissolved); Mississippi Valley Silica Company, Inc.; Empire Abrasive Equipment Corporation; Dravo Basic Materials Company, Inc.; and American Optical Corporation (collectively, "Defendants") ask this Court to review whether venue was proper in Jefferson County and whether the claim was time-barred by the statute of limitations. This Court reverses the Circuit Court's denial of summary judgment and renders judgment in favor of Defendants. The venue issue is moot because the claim is time-barred.

**FACTS AND PROCEDURAL HISTORY**

¶2. On September 26, 2016, plaintiff Ted Stringfellow filed his second silica complaint in Jefferson County after obtaining dismissal of his first silica case in Georgia in 2015. Stringfellow alleged that his complicated silicosis and silica-related conditions had been caused by exposure to respirable crystalline silica during his work as a sandblaster

throughout Mississippi, Alabama, Florida, and Georgia. On November 10, 2016, Stringfellow noticed his own deposition and on May 15, 2017, Defendants filed their motions for summary judgment and transfer of venue.

¶3. In their motion for summary judgment, Defendants provided multiple medical exhibits evidencing Stringfellow's knowledge of the injury dating as far back as November 2007, although Stringfellow contended that he had no knowledge of the injury until he was diagnosed with silicosis in October 2014. In November 2007, Stringfellow presented to the hospital with a cough, and medical records evince that doctors discussed his work history as a construction worker. In May 2008, Stringfellow again presented to the hospital complaining of a cough. After two chest x-rays, he was discharged with a diagnosis of bronchitis, painful respiration, other lung disease, diabetes, liver disorder, cough, and shortness of breath. Stringfellow signed discharge papers recommending that he follow up with a pulmonologist, a recommendation Stringfellow acknowledges he disregarded. Moreover, Stringfellow submitted his medical records, which contained findings consistent with "pneumoconiosis (such as silicosis . . . )" to the Social Security Administration for disability. Although the record reflects discrepancies in the timing of the application, either 2008 or 2011, Stringfellow discovered his injury well before the time he filed his complaint.

¶4. At the motion hearing on June 19, 2017, the trial judge stated that, while Stringfellow's failure to follow up was troubling because plaintiffs have a responsibility to investigate an injury, he felt ruling on the motion for summary judgment would have been premature. Thereafter, Defendants petitioned this Court for interlocutory appeal, arguing that

the trial court's denial of their motions for summary judgment and transfer of venue was erroneous. The Defeneant's petition was granted. M.R.A.P. 5.

## LAW AND ANALYSIS

### I. Standard of Review

¶5. When considering issues of law, such as statutes of limitation, this Court employs a de novo review. *Andrus v. Ellis*, 887 So. 2d 175, 179 (Miss. 2004). When reviewing a trial court's grant or denial of a motion to dismiss or a motion for summary judgment, this Court likewise applies a de novo standard of review. *Whitaker v. Limeco Corp.*, 32 So. 3d 429, 433–34 (Miss. 2010) (citing *Burleson v. Lathem*, 968 So. 2d 930, 932 (Miss. 2007)).

### II. Whether Stringfellow's claims are time-barred by the statute of limitations.

¶6. Under Mississippi Code Section 15-1-49, a plaintiff's cause of action for a latent injury or disease accrues at the point at which he discovered, or by reasonable diligence should have discovered the injury. Section 15-1-49 provides in relevant part,

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

> (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

Miss. Code Ann. § 15-1-49 (Rev. 2012).

¶7. In determining whether a plaintiff knew or reasonably should have known that he had an injury, this Court properly considers the symptoms the plaintiff experienced and the action

9

he took as a result. ***Am. Optical Corp. v. Rankin***, 227 So. 3d 1062, 1068 (Miss. 2017). To benefit from the discovery rule, "a plaintiff must be reasonably diligent in investigating the circumstances surrounding the injury." ***Wayne Gen. Hosp. v. Hayes***, 868 So. 2d 997, 1001 (Miss. 2004). "Because there is no bright line rule, the specific facts of the case will determine whether the plaintiff knew or reasonabl[y] should have known that an injury existed." ***Rankin***, 227 So. 3d at 1075 (quoting ***PPG Architectural Finishes, Inc. v. Lowery***, 909 So. 2d 47, 51 (Miss. 2005)). "This Court has observed that an individual's seeking medical attention for side effects or symptoms may show knowledge of an injury, although other persons may not discover an injury until they review pertinent medical records." ***Id.*** (quoting ***id.***). Others might gain enough actual knowledge through personal observation or experience. ***Id.*** (citing ***id.***).

¶8.     In ***Rankin***, this Court held that the applicable three-year statute of limitations began to run under the discovery rule at the time the worker sought treatment for chronic obstructive pulmonary disease rather than the date he was first diagnosed with silicosis by his retained expert pulmonologist. ***Id.*** at 1074. While the dissent in ***Rankin*** disagreed with the majority that COPD should have been a trigger for the presence of silicosis, ***id.*** at 1074 (Kitchens, J., dissenting), this Court held that the evidence conclusively showed plaintiff's knowledge of injury. ***Id.*** at 1074.

¶9.     This Court has held that "[c]auses of action accrue upon discovery of the injury, not discovery of the injury and its cause." ***Rankin***, 227 So. 3d at 1068 (emphasis removed) (quoting ***Ridgway Lane & Assocs., Inc. v. Watson***, 189 So. 3d 626, 629 (Miss. 2016)).

10

"Knowledge of the cause of the injury is irrelevant to the analysis; rather, the inquiry is when the plaintiff knew or should have known of an injury." *Rankin*, 227 So. 3d at 1068 (quoting *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 838 (Miss. 2010)).

¶10.    Here, as early as November 2007, Stringfellow presented to the hospital with a cough and shortness of breath. At that time, he gave his work history as a construction worker, a fact evidenced by the notes in his medical records. In May 2008, he again presented to the hospital complaining of a cough. After two chest x-rays, a diagnosis of bronchitis and other lung disease, doctors recommended pulmonary follow-up. At the motion hearing, Plaintiff's counsel conceded that he had failed to pursue the recommended follow-up because he was no longer experiencing the symptoms. Moreover, Stringfellow submitted his medical records, notating findings consistent with "pneumoconiosis (such as silicosis . . . )" to the Social Security Administration for disability. Lastly, Stringfellow was on notice of the prevalence of silicosis in his field of work because of his relationships with his father and his friend who both worked in sandblasting and had filed silicosis suits. While this fact is not determinative of Stringfellow's knowledge of his injury, it suggests that Stringfellow knew of a potential injury.

¶11.    The trial judge correctly identified the standard for the discovery rule: "[T]he question of whether a statute of limitations is tolled by the discovery rule often turns on the factual determination of 'what the plaintiff knew and when.'" *Stringer v. Trapp*, 30 So. 3d 339, 342 (Miss. 2010) (quoting *Huss v. Gayden*, 991 So. 2d 162, 168 (Miss. 2008)). But this Court finds that the trial judge failed to adhere to the second portion, which states, "'[O]ccasionally

11

the question of whether the suit is barred by the statute of limitations is a question of fact for the jury; however, as with other putative fact questions, the question may be taken away from the jury if reasonable minds could not differ as to the conclusion.'" *Stringer*, 30 So. 3d at 342 (quoting *Smith v. Sanders*, 485 So. 2d 1051, 1053 (Miss. 1986)).

¶12. This Court has held that a plaintiff may not take shelter in the discovery rule when reasonable minds could not differ that the plaintiff possessed sufficient information to bring a claim. *Raddin v. Manchester Educ. Found.*, 175 So. 3d 1243, 1249 (Miss. 2015) (citing *Huss*, 991 So. 2d at 165-66). Based on the facts presented at the motion hearing, this Court holds that the statute-of-limitations issue is not a question of fact for the jury because reasonable minds could not differ about the conclusion.

**CONCLUSION**

¶13. This Court finds that the trial court erred in denying summary judgment because the claims are time-barred. Accordingly, this Court reverses the trial court's denial of summary judgment and renders judgment in favor of Defendants.

¶14. **REVERSED AND RENDERED.**

**RANDOLPH, C.J., MAXWELL, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. KITCHENS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J., AND COLEMAN, J. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY KITCHENS, P.J.**

**KITCHENS, PRESIDING JUSTICE, DISSENTING:**

¶15. I respectfully dissent. The rule remains in this state that the issue of when the plaintiff knew or should have known of an injury for the purposes of the discovery rule is a fact question for the jury. *Peoples Bank of Biloxi v. McAdams*, 171 So. 3d 505, 509 (Miss.

12

2015). Only when reasonable minds could not differ on the conclusion may the question be taken away from the jury and determined by the court. *Id.* at 509-10. While it does appear from the majority's recitation of the facts that no reasonable minds could differ on when Ted Stringfellow discovered his injury, the facts of this case are significantly less clear than represented by the majority opinion. Because genuine issues of material fact exist, a jury should determine whether Stringfellow knew or should have known of his injury before September 26, 2013.

¶16. On September 26, 2016, Stringfellow filed his complaint claiming injuries of "complicated silicosis and silica related conditions, caused by exposure to respirable crystalline silica while working as a sandblaster throughout Mississippi, Alabama, Florida, and Georgia." Mississippi Code Section 15-1-49(2) establishes when the three-year statute of limitations began to run in Stringfellow's case. The statute provides that, "[i]n actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code Ann. § 15-1-49(2) (Rev. 2012). This Court has held that, under the plain language of the statute, a cause of action accrues upon discovery of the injury, not discovery of the injury and its cause. *Angle v. Koppers, Inc.*, 42 So. 3d 1, 5 (Miss. 2010).[1]

---

[1] I continue to disagree vehemently with the Court's holding that a claim can accrue when the plaintiff knows of an injury but not its cause. *See City of Tupelo v. O'Callaghan*, 208 So. 3d 556, 574 (Kitchens, J., dissenting); *Lincoln Electric Co. v. McLemore*, 54 So. 3d 833, 840 (Kitchens J., dissenting); *Angle*, 42 So. 3d at 9 (Kitchens, J, dissenting). But because *Angle* is the relevant precedent of this Court, I apply it for purposes of my analysis of the timeliness of Stringfellow's complaint.

13

¶17. A latent injury is one that is "undiscoverable by reasonable methods." *PPG Architectural Finishes, Inc. v. Lowery*, 909 So. 2d 47, 51(Miss. 2005). The question of when the plaintiff discovered or should have discovered a latent injury is fact-intensive, requiring an examination of what the plaintiff knew and when. *McAdams*, 171 So. 3d at 509. The Court has held that some plaintiffs might not with reasonable diligence discover an injury until reviewing medical records, while others may discover an injury through personal observation and experience. *Lowery*, 909 So. 2d at 51. A plaintiff's receipt of medical attention for side effects and symptoms can confirm that the plaintiff knew of an injury. *Id.* When a genuine dispute exists, the issue of when the plaintiff "discovered, or by reasonable diligence should have discovered," the injury is a question of fact for the jury. *Weathers v. Metro. Life Ins. Co.*, 14 So. 3d 688, 692 (Miss. 2009) (quoting *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 167 (Miss.1999)). On summary judgment, "[t]he moving party bears the burden to show that no genuine issue of material fact exists, and the evidence must be viewed in the light most favorable to the nonmovant." *Thrash v. Deutsch, Kerrigan & Stiles, LLP*, 183 So. 3d 838, 842 (Miss. 2016).

¶18. I would hold that genuine issues of material fact exist on the question of when Stringfellow discovered, or with reasonable diligence should have discovered, his injury. In *American Optical Corporation v. Rankin*, this Court looked to the complaint to determine the injury claimed by the plaintiff, which was "lung disease and silica related conditions." *Am. Optical Corp. v. Estate of Rankin*, 227 So. 3d 1062, 1074 (Miss. 2017). While I would not have found Rankin's silicosis claim to be time-barred, the Court disagreed, finding that,

14

because Rankin had sought treatment for a chronic obstructive pulmonary disease and other lung conditions several years before filing the complaint, reasonable minds could not differ that he had knowledge of the injury outside the limitations period. *Id.*

¶19.    Stringfellow's complaint seeks recovery for "complicated silicosis and silica related conditions, caused by exposure to respirable crystalline silica." Unlike Rankin, Stringfellow specifically alleged that complicated silicosis was his injury. Thus, this Court's inquiry must focus on when Stringfellow discovered or reasonably should have discovered his injury, complicated silicosis.

¶20.    The medical records show that, in November 2007, Stringfellow visited a hospital for fluid in his abdomen caused by cirrhosis of the liver. At that time, he was not seeking treatment for a lung condition. A CT scan that included the lower lungs was performed and showed "lateral pleural effusions with a bibasilar interstitial pattern and mild mosaic perfusion," but it did not reveal silicosis. Stringfellow was not diagnosed with any lung condition in 2007. A March 2008 chest x-ray included with his medical records showed "reticular-nodular lung pattern of unknown chronicity," but did not mention silicosis.

¶21.    In May 2008, Stringfellow went to the hospital complaining of a productive cough. A CT scan of his chest showed "[f]indings consistent with pneumoconiosis (such as silicosis or coal workers' pneumoconiosis) or histoplasmosis. Correlation with patient's history is recommended." In this medical record, silicosis was cited by the radiologist as one of *three* possibilities. Nothing indicates that any whisper of the possibility of silicosis identified in the CT scan reached Stringfellow's ears. The radiologist recommended a review of Stringfellow's

history. Ultimately, Stringfellow was not diagnosed with silicosis. Instead, Stringfellow received a diagnosis of bronchitis not otherwise specified; secondarily, he was diagnosed with painful respiration, other lung disease not elsewhere classified, cough, shortness of breath, diabetes, and liver disorder. He was prescribed an antibiotic for the bronchitis. While it was recommended that Stringfellow follow up with a pulmonologist, he claimed that he failed to do so because he no longer was experiencing symptoms. Because Stringfellow's diagnosis was bronchitis, not silicosis, a reasonable jury could find that his not having followed up with a pulmonologist for bronchitis does not render his silicosis claim untimely.

¶22. The medical records described above were submitted with Stringfellow's Social Security disability claim made in 2008. Again, those records do not contain a diagnosis of silicosis, and reasonable minds could differ on whether Stringfellow knew or should have known of his injury at the time those records were submitted. And the Social Security claim was for cirrhosis, anemia, and ascites, not for a lung condition.

¶23. Stringfellow also received treatment on March 10, 2013, for a debilitating stroke. During this visit, a chest x-ray showed "[b]ilateral hilar calcified granulomas consistent with previous granulomatous disease, which may represent old tuberculosis or MAC infection," and "[l]eft midlung atelectasis versus scarring." A hospital note said that a head and neck CT scan had shown "mediastinal and pulmonary findings consistent with previous granulomatous disease or sarcoid." A physician's handwritten note says that Stringfellow had worked in a shipyard for years and had a history of sandblasting and that he had chest x-ray findings consistent with silicosis; another such note says that his chest x-ray was classical for

16

silicosis, that he had a strong occupational exposure history and that the condition should be followed up. While his patient summary on discharge noted a secondary diagnosis of "silica pneumocon nec," his discharge instructions did not include a recommendation that he follow up with any medical care provider concerning possible silicosis. Again, nothing indicates that Stringfellow, who was undisputedly undergoing treatment for a debilitating stroke and was severely impaired neurologically, ever received this information about the condition of his lungs. After Stringfellow's hospital discharge four days after admission, he spent thirty-two days in a rehabilitation center recovering from his stroke. And his discharge instructions from the rehabilitation center did not include a recommendation that he seek treatment for his lungs. Nor did any of the physicians who treated him in the aftermath of the stroke mention silicosis or any lung problems. Stringfellow finally was diagnosed with silicosis on October 7, 2014.

¶24. The evidence raises genuine issues of material fact about when Stringfellow discovered, or reasonably should have discovered, his claimed injury of "complicated silicosis and silica related conditions." Stringfellow's medical records show that the only lung condition for which he received treatment before 2014 was a productive cough and shortness of breath, which medical professionals informed him was bronchitis. While Stringfellow's medical records predating September 26, 2013, do contain the word "silicosis," genuine issues of material fact are present about when Stringfellow should be charged with knowledge of his claimed injury, complicated silicosis. This Court has not held that the statute of limitations on a silicosis claim begins to run at the first mention of silicosis

17

in a medical record. Rather, what the patient knew or should have known is the relevant consideration in determining when the limitations period commenced. Considering the evidence in the light most favorable to Stringfellow, reasonable minds could differ on when Stringfellow knew or should have known of his claimed injury. I would affirm the trial court's denial of the defendants' motion for summary judgment.

**KING, P.J., AND COLEMAN, J., JOIN THIS OPINION**.

**COLEMAN, JUSTICE, DISSENTING:**

¶25.    The question of whether summary judgment should have been granted in the case *sub judice* is a close one, and when doubt exists about whether summary judgment should be granted, it should be denied to preserve the plaintiff's right to have a jury consider his claims. As more fully developed below, the evidence of record in the case *sub judice* does not rise to the level of clarity seen in *American Optical Corporation v. Rankin*, 227 So. 3d 1062 (Miss. 2017), the recent case upon which the majority relies in reversing the trial court's denial of summary judgment.  Because the defendants have failed to convince me that no issue of material fact exists regarding the question of whether the statute of limitations has run against the plaintiff's claims, I must, with respect, dissent.

¶26.    As an initial matter, Stringfellow requested a jury trial, but the granting of summary judgment in favor of a civil defendant necessarily ends a plaintiff's effort to place his claims before a jury—something our Constitution of 1890 gives him the right to do.  Miss. Const. art. 3, § 31.  While the right to a jury trial is not lost when no issues of fact exist for a jury to consider, *Brown v. Credit Center, Inc.*, 444 So. 2d 358, 362 (Miss.1983), the potential

18

loss of the right leads courts to deny summary judgment when the question is close. ***Ladnier v. Hester***, 98 So. 3d 1025, 1028 (¶ 9) (Miss. 2012) ("If there is any doubt regarding the existence of a genuine issue of material fact, the benefit goes to the nonmovant.")

¶27. In short, the defendants in ***Rankin*** provided clearer evidence showing that the plaintiff had knowledge of his alleged injury well before three years prior to filing his complaint. The ***Rankin*** Court relied heavily on an entry in Rankin's medical records that showed that Rankin and his wife "relayed his medical history" to caregivers far earlier than three years before he filed his complaint. ***Rankin***, 227 So. 3d at 1069 (¶ 27). In concluding its explanation for rendering judgment in favor of the defendants, the ***Rankin*** Court explained that Rankin's complaint alleged that Rankin's injury had been "lung disease and silica related conditions, caused by exposure to respirable crystalline silica." ***Id.*** at 1074 (¶ 48). The special verdict form presented to the jury asked, "Do you find by a preponderance of the evidence that [Rankin] knew or should have known before May 13, 2010, that he had the lung injury alleged in this lawsuit?" ***Id.*** Because the undisputed evidence showed that Rankin knew in 2007 of his lung disease when he sought treatment for and described it to caregivers, the ***Rankin*** Court concluded that the trial court erred in refusing to grant the defendants' motion for directed verdict. ***Id.***

¶28. In the case *sub judice*, Stringfellow's complaint alleges injuries consisting of complicated silicosis and silica-related conditions. "The motion for a summary judgment challenges the very existence of legal sufficiency of the claim or defense to which it is addressed. . . ." ***Brent Towing Co., Inc. v. Scott Petroleum Corp.***, 735 So. 2d 355, 358 (¶

12) (Miss. 1999). Stringfellow's medical records, which show that in 2007 and 2008 he sought treatment for a cough, that in 2008 doctors diagnosed him with bronchitis, painful respiration, other lung disease, diabetes, liver disorder, cough, and shortness of breath, considered in the light most favorable to Stringfellow, are not enough to show that he knew at the relevant times of the injury he alleges in his complaint—complicated silicosis and silica-related conditions.

¶29. *Ridgway Lane & Associates, Inc. v. Watson*, 189 So. 3d 626 (Miss. 2016), hits closer to the factual mark set by the instant appeal. In *Watson*, the plaintiff filed suit against the firm responsible for managing his residence. *Id.* at 627 (¶ 1). The home had a history of leaking, and Marcus Byrd—the original plaintiff who died during the pendency of the litigation—claimed that mold buildup caused by the leaks caused him to contract bronchiectasis. *Id.* at 628 (¶ 4). Byrd's treating physician testified that he diagnosed Byrd with "the beginning" of bronchiectasis on January 21, 2008. *Id.* at 628 (¶ 5). Byrd and his wife filed suit on April 21, 2011, or three years and three months after the evidenced diagnosis of "the beginning" of the alleged disease. *Id.* at 628 (¶ 6). The defendants moved for summary judgment, which was denied as to Byrd's personal injury claim, and the Court granted the defendants' petition for interlocutory appeal. *Id.* at 627 (¶ 1). The unanimous *Watson* Court affirmed the trial court's denial of summary judgment, holding the January 2008 diagnosis of "the beginnings" of the plaintiff's alleged disease, along with the accompanying radiology report indicating "[t]here may even be a small element of traction

20

bronchiectasis in this region as well," insufficient to take the issue from the jury. *Id.* at 630 (¶ 15).

¶30. Because the evidence in the case *sub judice* does not rise to the ***Rankin*** level of certainty in showing that Stringfellow knew of his alleged injury, the question becomes one of what Stringfellow reasonably should have known. As in ***Watson***, when the Court held that evidence of "the beginnings" of an alleged disease did not support the grant of summary judgment on statute of limitations grounds, the evidence in the instant case, taken in a light most favorable to Stringfellow, falls short of a conclusive demonstration that Stringfellow knew of the complicated silicosis and silica-related conditions alleged. Accordingly, it becomes a question for the jury to decide.

**KITCHENS, P.J., JOINS THIS OPINION IN PART.**